FILED-ED5
03 AUG 14 PM 2: 12
CLERK
U.S. DISTRICT COURT

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

LABORERS' PENSION FUND and LABORERS' WELFARE FUND OF THE HEALTH and WELFARE DEPARTMENT of the CONSTRUCTION and GENERAL LABORERS' DISTRICT COUNCIL of CHICAGO and VICINITY, and JAMES S. JORGENSEN, ADMINISTRATOR OF THE FUNDS,

Plaintiff,

v.

MACC ENVIRONMENTAL CONTRACTORS, INC.,

Defendant.

NO. 03C 5699

DOCKETED
AUG 15 2003

**COMPLAINT**

NOW COMES the Plaintiff, LABORERS' PENSION FUND and LABORERS' WELFARE FUND OF THE HEALTH and WELFARE DEPARTMENT OF THE CONSTRUCTION and GENERAL LABORERS' DISTRICT COUNCIL of CHICAGO and VICINITY (collectively "The Funds") and JAMES S. JORGENSEN (hereinafter "Jorgensen"), Administrator of the Funds, by and through their attorney, MARC M. PEKAY, P.C. and hereby complain against the Defendant, MACC ENVIRONMENTAL CONTRACTORS, INC. as follows:

1. Jurisdiction is based on Sections 502(e)(1) and (2) and 515 of the Employee Retirement Income Security Act of 1974 ("ERISA"), as amended, 29 U.S.C. Section 1132 (e)(1) and (2) and 1145, Section 301(a) of the Labor Management Relations Act ("LMRA") of 1947 as amended, 29 U.S.C. Section 185(a), and 28 U.S.C. Section 1331.

2. Venue is proper pursuant to Section 502(e)(2) of ERISA, 29 U.S.C. Section 1132 (e)(2), and 28 U.S.C. Section 1391 (a) and (b).

3. The Funds are multiemployer benefit plans within the meanings of Sections 3(3) and 3(37) of ERISA, 29 U.S.C. Sections 1002(3) and 37(A). The Funds are maintained and administered in accordance with Section 302(c)(5) of the LMRA, 29 U.S.C. Section 186 (c)(5). They are established pursuant to collective bargaining agreements and Declarations of Trust previously entered into between various Unions and certain employer associations whose employees are covered by the collective bargaining agreements with the unions. The Funds have offices and conduct business within this District.

4. Plaintiff, James S. Jorgensen ("Jorgensen") is the Administrator of the Funds, and has been duly authorized by the Funds' Trustees to act on behalf of the Funds in the collection of employer contributions owed to the Funds and to the Construction and General District Council of Chicago and Vicinity Training Fund, and with respect to the collection by the Funds of amounts which have been or are required to be withheld from the wages of employees in payment of Union dues for transmittal to the Construction and General Laborers' District Council of Chicago and Vicinity (the "Union"). With respect to such matters, Jorgensen is a fiduciary of the Funds within the meaning of Section 3(21)(A) of ERISA, 29 U.S.C. Section 1002(21)(A).

5. Defendant, MACC Environmental Contractors, Inc., (hereinafter "MACC" or the "Company") is an Indiana corporation that is engaged in the construction industry which is an industry affecting interstate commerce and an employer within the meaning of

Section 3(5) of ERISA, 29 U.S.C. Section 1002(5), and Section 301 (a) of the LMRA, 29 U.S.C. Section 185(c). MACC at all times material, was doing business within this geographical area.

6. The Union is a labor organization within the meaning of 29 U.S.C. Section 185(a) which represents its members in negotiations and in dealing with employers with respect to rates of pay, hours of work, and other conditions of employment.

7. On February 11, 1993, the Union and MACC entered into and have been bound by a collective bargaining agreement ("Agreement"). (A copy of the "short form" Agreement entered into between the Union and MACC which Agreement adopts and incorporates various Master Agreements between the Union and various employer associations, and also binds MACC to the Funds' respective Agreements and Declarations of Trust, is attached hereto as Exhibit A.)

8. The Funds have been duly authorized by the construction and General Laborers' District Council of Chicago and Vicinity Training Fund (the "Training Fund"), the Midwest Construction Industry Advancement Fund ("MCIAF"), the Chicagoland Construction Safety Council (the "Safety Fund"), the Laborers' Employers' Cooperation and Education Trust ("LECET"), the Concrete Contractors' Association of Greater Chicago ("CCA"), the CDCNI/CAWCC Contractors' Industry Advancement Fund (the "Wall & Ceiling Fund"), the CISCO Uniform Drug/Alcohol Abuse Program ("CISCO"), and the Laborers' District Council Labor Management Committee Cooperative ("LCDMC") to act as an agent in the collection of contributions due to those funds.

9. The Agreement and the Funds' respective Agreements and Declarations of Trust obligate MACC to make contributions on behalf of its employees covered by the Agreement for pension benefits, health and welfare benefits, for the training fund and to submit monthly remittance reports in which the Company, *inter alia*, identifies the employees covered under the Agreement and the amount of contributions to be remitted to the Funds on behalf of each covered employee.

10. The Agreement and the Funds' respective Agreements and Declarations of Trust require MACC to submit its books and records to the Funds on demand for an audit to determine benefit contribution compliance.

11. Under the terms of the Agreement, MACC is obligated to obtain and maintain a surety bond to guarantee payment of future wages, pension and welfare contributions.

12. Notwithstanding the obligations imposed by the Agreement and the Funds' respective Agreements and Declarations of Trust, MACC has:

(a) failed to report and pay contributions owed to Plaintiff Laborers' Pension Fund from March 1, 2003 forward, thereby depriving the Laborers' Pension Fund of contributions, income and information needed to administer the Fund and jeopardizing the pension benefits of the participants and beneficiaries;

(b) failed to report and pay all contributions owed to Plaintiff Welfare Fund of the Health and Welfare Department of the Construction and General Laborers' District Council of Chicago and Vicinity from March 1, 2003 forward, thereby depriving the

Welfare Fund of contributions, income and information needed to administer the Fund and jeopardizing the health and welfare benefits of the participants and beneficiaries;

(c) failed to report and pay all contributions owed to the Laborers' Training Fund from March 1, 2003 forward, thereby depriving the Laborers' training Fund of contributions, income and information needed to administer the Fund and jeopardizing the training fund benefits of the participants and beneficiaries;

(d) failed to report and pay all contributions owed to one or more of the other affiliated funds identified above from March 1, 2003 forward, thereby depriving said fund(s) of contributions, income and information needed to administer said fund(s) and jeopardizing the benefits of the participants and beneficiaries.

13. In addition to the above, attached is an invoice from the Plaintiff which shows that MACC owes two thousand two hundred and ninety three dollars and nineteen cents ($2,293.19) in liquidated damages and interest for prior contributions that were not paid in a timely manner. (See Exhibit B)

14. The Company's actions in failing to make timely reports and contributions violate Sections 515 of ERISA, 29 U.S.C. Section 1145, and Section 301 of the LMRA. 29 U.S.C. Section 185.

15. Pursuant to Section 502(g)(2) of ERISA, 29 U.S.C. Section 1132 (g)(2), Section 301 of the LMRA, 29 U.S.C. Section 185, and the terms of the Agreement and the Funds' respective Trust Agreements, the Company is liable to the Funds for unpaid contributions, as well as interest and liquidated damages on the unpaid and late

contributions, reasonable attorneys' fees and costs, and such other legal and equitable relief as the Court deems appropriate.

WHEREFORE, Plaintiffs respectfully request this Court enter a judgment against Defendant MACC ENVIRONMENTAL CONTRACTORS, INC.:

(a) To direct MACC ENVIRONMENTAL CONTRACTORS, INC. to submit its benefit reports and contributions and to submit the Company's books and records to an audit upon demand by Plaintiffs and retaining jurisdiction to enforce judgment in sum certain upon the results of the audit;

(b) To enter a judgment in an amount not yet ascertained against MACC ENVIRONMENTAL CONTRACTORS, INC. pursuant to the audit which will include unpaid contributions, liquidated damages, interest, audit costs, attorneys' fees and costs, plus two thousand two hundred ninety three dollars and nineteen cents ($2,293.19) in liquidated damages and interest for prior contributions that were not paid in a timely manner;

(c) To order MACC ENVIRONMENTAL CONTRACTORS, INC. to obtain and maintain a surety bond; and

(d) To award Plaintiffs any further legal and equitable relief as the Court deems appropriate.

Respectfully submitted,
LABORERS' PENSION FUND et al.,

BY: [signature]
MARC M. PEKAY
MARC M. PEKAY, P.C.
Attorney for Plaintiff

MARC M. PEKAY, P.C.
30 North LaSalle St.
Suite 2426
Chicago, IL 60602
(312) 606-0980

ABOUT 7-10 [illegible]



HEADQUARTERS OF

# Construction & General Laborers' District Council of Chicago and Vicinity

Affiliated with the Laborers' International Union of North America, A.F. of L.-C.I.O.

6121 WEST DIVERSEY AVENUE • CHICAGO, ILLINOIS 60639 • TELEPHONE: 237-7537

LOCALS 1, 2, 4, 5, 6, 25, 75, 76, 96, 118, 149, 152, 225, 260, 269, 288, 582, 681, 1001, 1006, 1035, 1092 [illegible]

Joseph A. Lombardo, Jr.
Secretary-Treasurer

## MEMORANDUM OF JOINT WORKING AGREEMENT

Ernest Kumerow
President
Business Manager

It is hereby stipulated and agreed by and between MACC ASBESTOS CONTROL CONTRACTORS, hereinafter called the "EMPLOYER", and the CONSTRUCTION AND GENERAL LABORERS DISTRICT COUNCIL OF CHICAGO AND VICINITY, herein called the "UNION", representing and encompassing Local Nos. 1, 2, 4, 5, 6, 25, 75, 76, 96, 118, 149, 152, 225, 260, 269, 288, 582, 681, 1001, 1006, 1035, 1092, and encompassing the geographical areas of the Counties of Cook, Lake, Du Page, Will, Grundy, Kendall, Kane, McHenry, and Boone, in the State of Illinois, together with any other locals which may come within the jurisdiction of the UNION, that:

1. Employer, in response to the Union's claim that it represents an uncoerced majority of each Employer's laborer employees, acknowledges and agrees that there is no good faith doubt that the Union has been authorized to and in fact does represent such majority of laborer employees. Therefore, the Union is hereby recognized as the sole and exclusive collective bargaining representative for the employees now or hereafter employed in the bargaining unit with respect to wages, hours of work and other terms and conditions of employment in accordance with Section 9 of the National Labor Relations Act without the need for a Board Certified Election.

2. The EMPLOYER affirms and adopts the Collective Bargaining Agreements between the UNION and the Builders Association of Chicago and Vicinity, the Concrete Contractors Association of Greater Chicago, the Illinois Road Builders Association, the Underground Contractors Association, Mason Contractors Association of Greater Chicago, Street Paving and Ground Separation Contractors, Chicagoland Association of Wall and Ceiling Contractors, Chicago Building Wreckers Association, Lumber Trade Association, Lake County Contractors Association, Lake County Paving Contractors Association and Sewer Contractors Association, Association of Wall and Ceiling Contractors of Lake County, and all other associations with whom the District Council or any of its affiliated local unions has a duly negotiated agreement, and re-establishes all agreements from June 1, 1978, together with all amendments thereto. It is further agreed that where a contractor works in the jurisdiction of any local UNION, then the agreement of the local Union is herein specifically incorporated in this agreement and shall supersede the standard District Council agreements in the case of any conflict between the District Council agreement and the local agreement relating to the wages, benefits, or conditions of employment. Nothing herein shall limit the jurisdiction of this agreement to less than that provided in this Memorandum of Agreement.

3. The EMPLOYER agrees to pay the amounts which they (it) is bound to pay under said Collective Bargaining Agreements to the HEALTH AND WELFARE DEPARTMENT OF CONSTRUCTION AND GENERAL LABORERS DISTRICT COUNCIL OF CHICAGO AND VICINITY, to the LABORERS' PENSION FUND, and to become bound by and be considered a party to the Agreements and the Declarations of Trust creating said Trust Funds as if (they) (it) had signed the original copies of the Trust instruments and amendments thereto. The EMPLOYER ratifies and confirms the appointment of the EMPLOYER Trustees who shall, together with their successor Trustees designated in the manner provided in said Agreements and Declaration of Trusts and jointly with an equal number of Trustees appointed by the UNION, carry out the terms and conditions of the Trust Instruments.

The EMPLOYER further affirms and re-establishes that all prior contributions paid to the Welfare and Pension Funds were made by duly authorized agents of the EMPLOYER at the proper rates for the appropriate periods of time and that by making said prior contributions the EMPLOYER evidenced the intent to be bound by the terms of the Trust Agreements and Collective Bargaining Agreements which were operative at the time the contributions were made, acknowledging the report form to be a sufficient instrument in writing to bind the EMPLOYER to the applicable agreements.

4. Employees covered by this Memorandum of Agreement shall retain all the work traditionally performed by laborers. The EMPLOYER agrees that he will not cause any such traditionally performed work to be done at a construction site by employees other than those covered by this Memorandum of Agreement, except with the prior written consent of the UNION. Any EMPLOYER who contracts out or sublets any of the work coming within the jurisdiction of the UNION shall assume the obligations of any subcontractor for prompt payment of employees' wages and other benefits, including reasonable attorneys' fees incurred in enforcing the provisions hereof. Notwithstanding any agreement to the contrary, the EMPLOYER'S violation of any provision of this paragraph will give the UNION the right to take any other lawful action, including all remedies at law or equity.

5. In the event of any change in the ownership, management, or operation of the EMPLOYER'S business by sale or otherwise, it is agreed that as a condition of such transfer or change it shall be provided in the instrument effecting the change that the new owner and management shall be fully bound by the terms and conditions of this Agreement. This Agreement is applicable to all successors and transferees of the EMPLOYER, whether corporate or otherwise.

6. The negotiated wage and fringe benefit contribution rates in the various Collective Bargaining agreements are as follows:

| | |
|---|---|
| June 1, 1991<br>to<br>May 31, 1992 | \$18.70 Per hour Wages<br>\$ 2.25 Per hour Health and Welfare Fund<br>\$ 1.00 Per hour Pension Fund<br>\$ .10 Per hour Training Fund<br>\$ .02 Per hour M.C.I.A.F. (Or such amount as provided in local Agreement.)<br>\$ .01 Per hour Chicagoland Safety Council (If applicable to local Agreement.)<br>Dues Deductions are \$ .20 Per hour for each hour worked unless notified of an increase. |
| June 1, 1992<br>to<br>May 31, 1993 | \$1.05 Per hour increase per year on June 1, 1992 thru May 31, 1993 to be allocated between wages and benefits by the Union in its sole discretion. Welfare, Pension, and Training Funds to remain the same unless additional sums are allocated.<br>M.C.I.A.F. and Chicagoland Safety Council remain as above for the life of the contract.<br>Dues Deductions are \$ .20 Per hour unless notified of an increase. |
| June 1, 1993<br>to<br>May 31, 1994 | \$1.05 Per hour increase per year on June 1, 1993 thru May 31, 1994, to be allocated between wages and benefits by the Union in its sole discretion. Welfare, Pension, and Training Funds to remain the same unless additional sums are allocated.<br>M.C.I.A.F. and Chicagoland Safety Council remain as above for the life of the contract.<br>Dues Deductions are \$ .20 Per hour unless notified of an increase. |
| June 1, 1994<br>to<br>May 31, 1995 | \$1.10 Per hour increase per year on June 1, 1994 thru May 31, 1995, to be allocated between wages and benefits by the Union in its sole discretion. Welfare, Pension, and Training Funds to remain the same unless additional sums are allocated.<br>M.C.I.A.F. and Chicagoland Safety Council remain as above for the life of the contract.<br>Dues Deductions are \$ .20 Per hour unless notified of an increase. |

All additional wage rate dues checkoff, or fringe benefit increases as negotiated after May 31, 1995 shall be incorporated in this Memorandum of Agreement.

7. Effective June 1, 1991, all EMPLOYERS covered by this Memorandum of Agreement incorporating the various Collective Bargaining Agreements shall deduct from the wages of employees covered by said contract, working dues in the amount of Twenty Cents (\$.20) for each straight-time hour worked and Twenty Cents (\$.20) for each overtime hour worked, and shall remit monthly to the UNION office designated to the EMPLOYER by the District Council the sums so deducted, together with an accurate list of employees from whose wages said dues were deducted and the amounts applicable to each employee, not later than the 15th day of the month following the month for which said deductions were made.

8. It is the intention of the parties that such deductions shall comply with the requirements of Section 302(c)(4) of the Labor Management Relations Act of 1947, as amended, and that such deductions be made only pursuant to written agreements from each employee on whose account such deductions are made, which assignments shall not be irrevocable for a period of more than one year or beyond the termination date of the Memorandum of Agreement, whichever occurs sooner.

9. This Agreement shall remain in full force and effect through the 31st day of May, 1995 and shall continue thereafter unless there has been given not less than sixty (60) days nor more than ninety (90) days from the expiration date written notice by registered or certified mail, by either party hereto, of the desire to modify and amend this Agreement through negotiations. In the absence of such notice, the EMPLOYER and the UNION agree to be bound by the area-wide negotiated contracts with the various Associations, incorporating them into this Agreement and extending this Agreement for the life of the newly negotiated contract.

10. The employer acknowledges and accepts the facsimile signatures on this contract as if they were the original signatures. The employer further acknowledges receipt of a copy of the complete Joint Working Agreement.

Dated at ______________ this 11 day of FEB, 19 93

ACCEPTED:

Laborers' Local Union No. 225

By [signature] V.P.

CONSTRUCTION AND GENERAL LABORERS' DISTRICT COUNCIL OF CHICAGO AND VICINITY

By [signature: Ernest Kumerow]
Ernest Kumerow, President, Business Manager

By [signature: Joseph A. Lombardo, Jr.]
Joseph A. Lombardo, Jr., Secretary-Treasurer

MACC Asbestos Control Contractors
(Employer)

By [signature] President
(Name & Title) (Title)

% CT Corp. System
(Address)

/ North Capitol Dr. [illegible]
(City/State)

% Arthur Stromberg [illegible]
781-2113

TRUST FUND

EXHIBIT
A

08/12/03
PAGE 1

MACC Environ. Contrs.
508 N. Hermitage
Chicago IL 60622
Attn:

023017
001

| INVOICE | PAYMENT DATE | REFERENCE | TP | CURRENT | DAYS LATE 1-30 | DAYS LATE 31-60 | OVER 60 |
|---|---|---|---|---|---|---|---|
| 014280 | 08/16/00 | June 2000 | IV | | | | 1331.65 |
| 018964 | 04/14/03 | January 2003 | IV | | | | 571.16 |
| 019168 | 06/12/03 | February 2003 | IV | | | | 390.38 |
| | | | | .00 | .00 | .00 | 2293.19 |

BALANCE DUE... $2,293.19

EXHIBIT B

DOCKETED
AUG 1 5 2003

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

In the Matter of LABORERS' PENSION FUND and LABORERS' WELFARE FUND OF THE HEALTH and WELFARE DEPARTMENT of the CONSTRUCTION and GENERAL LABORERS' DISTRICT COUNCIL of CHICAGO and VICINITY, and JAMES S. JORGENSEN, ADMINISTRATOR OF THE FUNDS,

v.

MACC ENVIRONMENTAL CONTRACTORS, INC.

Case Number:  

MAGISTRATE JUDGE DENLOW... BUCKLO

APPEARANCES ARE HEREBY FILED BY THE UNDERSIGNED AS ATTORNEY(S) FOR:

LABORERS' PENSION FUND and LABORERS' WELFARE FUND OF THE HEALTH and WELFARE DEPARTMENT of the CONSTRUCTION and GENERAL LABORERS' DISTRICT COUNCIL of CHICAG and VICINITY, and JAMES S. JORGENSEN, ADMINISTRATOR OF THE FUNDS,

| (A) | (B) |
|---|---|
| SIGNATURE [signature] | SIGNATURE [signature] |
| NAME MARC M. PEKAY | NAME IDALA H. STROUSE |
| FIRM MARC M. PEKAY, P.C. | FIRM MARC M. PEKAY, P.C. |
| STREET ADDRESS 30 N. LASALLE ST., STE 2426 | STREET ADDRESS 30 N. LASALLE ST., STE 2426 |
| CITY/STATE/ZIP CHICAGO, IL 60602 | CITY/STATE/ZIP CHICAGO, IL 60602 |
| TELEPHONE NUMBER (312) 606-0980 | TELEPHONE NUMBER (312) 606-0980 |
| IDENTIFICATION NUMBER (SEE ITEM 4 ON REVERSE) 02167131 | IDENTIFICATION NUMBER (SEE ITEM 4 ON REVERSE) 06257845 |
| MEMBER OF TRIAL BAR? YES [X] NO [ ] | MEMBER OF TRIAL BAR? YES [ ] NO [X] |
| TRIAL ATTORNEY? YES [X] NO [ ] | TRIAL ATTORNEY? YES [ ] NO [X] |
| | DESIGNATED AS LOCAL COUNSEL? YES [ ] NO [X] |

| (C) | (D) |
|---|---|
| SIGNATURE | SIGNATURE |
| NAME | NAME |
| FIRM | FIRM |
| STREET ADDRESS | STREET ADDRESS |
| CITY/STATE/ZIP | CITY/STATE/ZIP |
| TELEPHONE NUMBER | TELEPHONE NUMBER |
| IDENTIFICATION NUMBER (SEE ITEM 4 ON REVERSE) | IDENTIFICATION NUMBER (SEE ITEM 4 ON REVERSE) |
| MEMBER OF TRIAL BAR? YES [ ] NO [ ] | MEMBER OF TRIAL BAR? YES [ ] NO [ ] |
| TRIAL ATTORNEY? YES [ ] NO [ ] | TRIAL ATTORNEY? YES [ ] NO [ ] |
| DESIGNATED AS LOCAL COUNSEL? YES [ ] NO [ ] | DESIGNATED AS LOCAL COUNSEL? YES [ ] NO [ ] |

FILED-ED5
03 AUG 14 PM 2:12
CLERK
U.S. DISTRICT COURT

13

PLEASE COMPLETE IN ACCORDANCE WITH INSTRUCTIONS ON REVERSE.

JS 44
(Rev. 12/96)

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

**I. (a) PLAINTIFFS** LABORERS' PENSION FUND and LABORERS' WELFARE FUND OF THE HEALTH and WELFARE DEPARTMENT of the CONSTRUCTION and GENERAL LABORERS' DISTRICT COUNCIL of CHICAGO and VICINITY, and JAMES S. JORGENSEN, ADMINISTRATOR OF THE FUNDS

**DEFENDANTS** MACC ENVIRONMENTAL CONTRACTORS, INC

DOCKETED
AUG 1 5 2003

(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF COOK
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT COOK
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)
Marc M. Pekay
Marc M. Pekay, P.C.
30 N. LaSalle St., Ste. 2426
Chicago, IL 60602

ATTORNEYS (IF KNOWN)

JUDGE MANNING

03C 5699

MAGISTRATE JUDGE BOBRICK

**II. BASIS OF JURISDICTION** (PLACE AN "X" IN ONE BOX ONLY)

- ☐ 1 U.S. Government Plaintiff
- XXX 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (PLACE AN "X" IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) (For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (PLACE AN "X" IN ONE BOX ONLY)

- X 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

**V. NATURE OF SUIT** (PLACE AN "X" IN ONE BOX ONLY)

**CONTRACT**
☐ 110 Insurance
☐ 120 Marine
☐ 130 Miller Act
☐ 140 Negotiable Instrument
☐ 150 Recovery of Overpayment & Enforcement of Judgment
☐ 151 Medicare Act
☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans)
☐ 153 Recovery of Overpayment of Veteran's Benefits
☐ 160 Stockholders' Suits
☐ 190 Other Contract
☐ 195 Contract Product Liability

**REAL PROPERTY**
☐ 210 Land Condemnation
☐ 220 Foreclosure
☐ 230 Rent Lease & Ejectment
☐ 240 Torts to Land
☐ 245 Tort Product Liability
☐ 290 All Other Real Property

**TORTS**

PERSONAL INJURY
☐ 310 Airplane
☐ 315 Airplane Product Liability
☐ 320 Assault, Libel & Slander
☐ 330 Federal Employers' Liability
☐ 340 Marine
☐ 345 Marine Product Liability
☐ 350 Motor Vehicle
☐ 355 Motor Vehicle Product Liability
☐ 360 Other Personal Injury

PERSONAL INJURY
☐ 362 Personal Injury — Med. Malpractice
☐ 365 Personal Injury — Product Liability
☐ 368 Asbestos Personal Injury Product Liability

PERSONAL PROPERTY
☐ 370 Other Fraud
☐ 371 Truth in Lending
☐ 380 Other Personal Property Damage
☐ 385 Property Damage Product Liability

**CIVIL RIGHTS**
☐ 441 Voting
☐ 442 Employment
☐ 443 Housing/Accommodations
☐ 444 Welfare
☐ 440 Other Civil Rights

**PRISONER PETITIONS**
☐ 510 Motions to Vacate Sentence
HABEAS CORPUS:
☐ 530 General
☐ 535 Death Penalty
☐ 540 Mandamus & Other
☐ 550 Civil Rights
☐ 555 Prison Condition

**FORFEITURE/PENALTY**
☐ 610 Agriculture
☐ 620 Other Food & Drug
☐ 625 Drug Related Seizure of Property 21 USC 881
☐ 630 Liquor Laws
☐ 640 R.R. & Truck
☐ 650 Airline Regs.
☐ 660 Occupational Safety/Health
☐ 690 Other

**LABOR**
☐ 710 Fair Labor Standards Act
☐ 720 Labor/Mgmt. Relations
☐ 730 Labor/Mgmt. Reporting & Disclosure Act
☐ 740 Railway Labor Act
XX 790 Other Labor Litigation
☐ 791 Empl. Ret. Inc. Security Act

**BANKRUPTCY**
☐ 422 Appeal 28 USC 158
☐ 423 Withdrawal 28 USC 157

**PROPERTY RIGHTS**
☐ 820 Copyrights
☐ 830 Patent
☐ 840 Trademark

**SOCIAL SECURITY**
☐ 861 HIA (1395ff)
☐ 862 Black Lung (923)
☐ 863 DIWC/DIWW (405(g))
☐ 864 SSID Title XVI
☐ 865 RSI (405(g))

**FEDERAL TAX SUITS**
☐ 870 Taxes (U.S. Plaintiff or Defendant)
☐ 871 IRS — Third Party 26 USC 7609

**OTHER STATUTES**
☐ 400 State Reapportionment
☐ 410 Antitrust
☐ 430 Banks and Banking
☐ 450 Commerce/ICC Rates/etc.
☐ 460 Deportation
☐ 470 Racketeer Influenced and Corrupt Organizations
☐ 810 Selective Service
☐ 850 Securities/Commodities/Exchange
☐ 875 Customer Challenge 12 USC 3410
☐ 891 Agricultural Acts
☐ 892 Economic Stabilization Act
☐ 893 Environmental Matters
☐ 894 Energy Allocation Act
☐ 895 Freedom of Information Act
☐ 900 Appeal of Fee Determination Under Equal Access to Justice
☐ 950 Constitutionality of State Statutes
☐ 890 Other Statutory Actions

**VI. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY.)

This cause of action is a suit for breach of the collective bargaining agreement under 29 U.S.C 185 and U.S.C. 1132

FILED-ED5
03 AUG 14 PM 2: 12
CLERK U.S. DISTRICT COURT

**VII. REQUESTED IN COMPLAINT** ☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND: ☐ YES ☐ NO

VIII. This case XX is not a refiling of a previously dismissed action.
☐ is a refiling of case number ______________, previously dismissed by Judge ______________

DATE 8/14/03

SIGNATURE OF ATTORNEY OF RECORD [signature]

UNITED STATES DISTRICT COURT