**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **LABORERS' PENSION FUND, et al.,** | ) | |
| | ) | |
| **Plaintiffs,** | ) | **Judge Blanche M. Manning** |
| | ) | |
| **v.** | ) | **Case No. 03 C 5699** |
| | ) | |
| **MACC ENVIRONMENTAL CONTRACTORS, INC.,** | ) | |
| | ) | |
| **Defendant.** | ) | |

## MEMORANDUM AND ORDER

Several motions are currently before the court: (1) Third-party Capital Development Board's ("CDB") motion to clarify the court's order of March 17, 2005, (2) Plaintiff's motion to strike Michael Morrisoe's appearance and objection to this court's turnover order issued March 17, 2005, and (3) MACC Environmental, LLC's notice of adverse claim. The court assumes familiarity with its previous orders in this case, which is based on plaintiffs' claims that MACC Environmental Contractors, Inc. ("INC") failed to make all of its required pension contributions. Plaintiffs obtained a judgment against INC for these contributions on July 22, 2004, and there have been subsequent motions to amend the amount of the original judgment as amounts have accumulated over time.

### A. Background

On March 11, 2005, plaintiffs moved to amend an existing judgment and for a turnover order, which the court granted on March 17, 2005. However, prior to turning over the funds as directed in the court's March 17, 2005 order, third-party CDB, which had responded to a third-party citation to discover assets, received notice from MACC Environmental, LLC ("LLC") that

the funds CDB was holding were actually due to LLC and not the plaintiff in this case, INC. Thus, LLC informed CDB that the funds should not be turned over to INC as directed in this court's order of March 17, 2005. Accordingly, CDB moved for an order of clarification as to whom the funds it was holding should be paid.

Subsequently, LLC filed with the court a notice of adverse claim on April 5, 2005, stating that: (1) it had not been notified of the currently pending post-judgment proceedings in the instant case; (2) on November 24, 2005, The Mutual Companies, Inc. (which included MACC Environmental Contractors, Inc.) made an assignment for the benefit of creditors to one Philip M. Firrek; (3) on December 8, 2004, The Mutual Group, LLC and MACC Environmental, LLC filed their Articles of Organization with the Illinois Secretary of State; (4) there is no common ownership between The Mutual Companies, Inc. and The Mutual Companies, LLC; (5) on December 9, 2004, The Mutual Group, LLC entered into an Asset Purchase Agreement with Philip M. Firrek, which closed on December 23, 2004; (6) that on or about December 24, 2004, LLC furnished CDB with a construction schedule commencing on December 27, 2004 and ending on January 14, 2005; (7) that on December 27, 2004, LLC, as assignee of the contract between CDB and INC, began work on the Union Station project in Springfield, Illinois; (8) on January 13, 2005, LLC invoiced CDB for the services provided in the amount of $36,650.00; (9) on February 23, 2005, CDB, in response to INC's citation to discover assets regarding the judgment entered against INC, the CDB filed its response stating that it owed INC $36,650.00; (10) on March 17, 2005, following the entry of the turnover order entered by this court LLC learned for the first time that the CDB had been served with a citation to discover assets; (11) the funds presently held by CDB are actually due to LLC and not INC; and (12) plaintiffs were

aware that the above-described assignment had occurred and that the assets had been sold by the assignee after public notice.

**B. Analysis**

1. Motion to Clarify and Notice of Adverse Claim

Plaintiffs argue that LLC is a successor company to INC and is therefore liable for the unpaid amounts due plaintiffs from INC. *Upholsterer's International Union Pension Fund v. Artistic Furniture of Pontiac*, 920 F.2d 1323 (7th Cir. 1990). Accordingly, plaintiffs' position is that CDB should turn over the funds to them pursuant to the court's order of March 17, 2005.

In *Artistic Furniture,* the Seventh Circuit held that successor liability could lie where, like here, a predecessor had accumulated unpaid pension contributions. *Id.* at 1327. "In order to protect federal rights or effectuate federal policies, this theory allows lawsuits against even a genuinely distinct purchaser of a business if (1) the successor had notice of the claim before the acquisition; and (2) there was 'substantial continuity in the operation of the business before and after the sale.'" *Chicago Truck Drivers, Helpers & Warehouse Workers Union (Indep.) Pension Fund v. Tasemkin, Inc*., 59 F.3d 48, 49 (7th Cir. 1995) (internal citation omitted).

However, defendant argues in its response that because INC made an assignment for the benefit of creditors to Philip M. Firrek, who then sold INC's assets to LLC, that plaintiffs, as judgment creditors of INC, cannot reach the property of the assignor-debtor held by the assignee. *Consolidated Pipe & Supply Co., Inc. v. Rovanco Corp*., 897 F. Supp. 364, 370 (N.D. Ill. 1995). "Under Illinois law an assignment for the benefit of creditors is 'a voluntary transfer by a debtor of his property to an assignee in trust for the purpose of applying the property or proceeds thereof to the payment of his debts.'" *Id. (citing Illinois Bell Tel. Co. v. Wolf Furniture House,*

*Inc*., 509 N.E.2d 1289, 1292 (Ill. App. Ct. 1987). "Once a valid assignment for the benefit of creditors has been made, a judgment creditor of the assignor-debtor cannot reach property of the assignor-debtor now held by the assignee." *Id. (citing Bach v. Chas. Weiner & Sons, Inc*., 127 N.E.2d 279 (Ill. App. Ct. 1955)).

An assignment for the benefit of creditors may be invalid, however, against "nonparticipating creditors if it forces a creditor to accept a pro rata share of the amount owed in settlement of its claim, or if it otherwise contains conditions 'onerous' to creditors." *Id*. Further, an "'indirect coercion of creditors into releasing their claims for less than their full debt' will also invalidate such assignments." *Id.* (citations omitted).

LLC briefly mentions the concept of the assignment for the benefit of creditors without applying it to the specific facts of this case. The court presumes that LLC is arguing that because INC made an assignment for the benefit of creditors to a third-party assignee prior to that third-party selling INC's assets to LLC, that LLC has protected the assets from INC's creditors' (i.e., plaintiffs') reach. The court, however, has no basis to determine whether the assignment in this case was valid. Further, the court questions whether an assignment for the benefit of creditors under Illinois law still shields assets given the federal interests articulated in *Artistic*.

Specifically, in *Artistic*, the court stated that "[w]e have found the imposition of successor liability to be appropriate in those cases where the vindication of an important federal statutory policy *has necessitated the creation of an exception to the common law rule* [to successor liability], where the successor has had prior notice of the liability in question, and where there has existed sufficient evidence of continuity of operations between the predecessor

and successor." *Artistic*, 920 F.2d at 1327 (emphasis added). The court went on to state that:

> [W]e do not see any reason why successor liability should not in principle apply to actions seeking recovery of delinquent multiemployer pension fund contributions. The congressional policies underlying ERISA and the Multiemployer Pension Plan Amendments Act of 1980 (MPPAA) are no less important, and no less compel the imposition of successor liability than do the policies animating the NLRA, Title VII, or Section 1981 in the cases previously discussed.

*Id*. Finally, the court questions whether LLC needs to be made a party to these proceedings as the real party in interest.

Given the lack of discussion in the parties' briefs on these issues, the court will require additional briefing from the parties. Specifically, the parties should address: (1) the validity of the assignment for the benefit of creditors; (2) the impact, if any, of the principles articulated in *Artistic* on an assignment for the benefit of creditors; and (3) whether LLC should be named as a defendant in this action.

The court notes that simply by raising these issues it is not attempting to opine on the merits of any of them. However, given the superficial treatment of the issues thus far, the court finds the briefs and the record as they stand to be insufficient to render a ruling on CDB's motion to clarify.

2. Motion to strike Michael Morrisoe's (a) appearance and (b) objection to this court's March 17, 2005 order

Plaintiffs also seek to strike the appearance of Michael Morrisoe, the attorney who has appeared on behalf of LLC in this matter, on the ground that Morrisoe acted as a witness in the underlying case. Specifically, on February 4, 2005, plaintiffs' counsel states that she issued a deposition subpoena under Fed. R. Civ. P. 30(b)(6) to LLC to obtain testimony on certain matters. On March 9, 2005, Morrisoe appeared for the deposition and designated himself the

30(b)(6) deponent.

Plaintiffs contend that Morrisoe now has a conflict of interest because he is appearing on behalf of LLC in the instant matter as an advocate but has also appeared as a witness for LLC in the 30(b)(6) deposition. Plaintiffs argue that acting both as an advocate and a witness is discouraged, citing *Lavin v. The Civil Service Commission*, 310 N.E.2d 858 (Ill. App. Ct. 1974).

The Local Rules for the Northern District of Illinois, 83.53.7 provide that:

> (a) A lawyer shall not act as an advocate in a trial or evidentiary proceeding if the lawyer knows or reasonably should know that the lawyer may be called as a witness therein on behalf of the client, except that the lawyer may do so and may testify:
>
> > * * *
> >
> > (2) if the testimony will relate to a matter of formality and the lawyer reasonably believes that no substantial evidence will be offered in opposition to the testimony;

Plaintiffs' 30(b)(6) deposition notice requested someone from LLC who could testify as to: (1) when LLC began operations and became incorporated; (2) address and telephone number of LLC; (3) the names and title holders of all owners, officers, and shareholders of LLC; (4) the type of work performed by LLC; (5) the names, addresses and social security numbers of LLC employees including the type of work performed by each employee; (6) the type of equipment and tools used by LLC and from whom the equipment and tools were purchased; and (7) all current jobs of LLC and the names and addresses of the general contractors on each job.

Given that the testimony involved was of a formal nature and would be difficult to slant in the client's favor, the court finds no violation of LR 83.53.7. Moreover, the deposition testimony has already been provided, and plaintiffs do not contend that the testimony is

unreliable due to Morrisoe's dual role. Thus, disqualifying Morrisoe at this point would not serve to remedy any perceived conflict. The court recognizes the critical need to ensure that the roles of advocates and witnesses remain distinct and that appearances of impropriety are avoided at all costs. However, "disqualification on the ground that an attorney is also a witness is not mandatory." *ATT Systems Co. v. Tylman*, No. 03 C 50326, 2004 WL 2044256, at *4 (N.D. Ill. 2004). In this instance, where no impropriety has been alleged by plaintiffs, and disqualifying Morrisoe now will not cure the perceived conflict, the court denies without prejudice the motion to strike Morrisoe's appearance.

The court does not argue with the premise that acting as an advocate and a witness in the same matter can be problematic; however, plaintiffs' citation of *Lavin* is inapposite. In *Lavin*, an assistant attorney general acted as a rebuttal fact witness during a hearing before the Civil Service Commission in which he also was acting as counsel for the Department of Labor. *Id*. at 865. The court denounced the fact that counsel had "abandoned" his role as advocate and became a witness for the party he was representing, calling the conduct "unnecessary and inexcusable." *Id.*

**C. Conclusion**

For the reasons discussed above, CDB's motion to clarify [40-1] is entered and continued pending further briefing by the parties as indicated herein. LLC's brief shall be filed within 21 days of the date of entry of this order, plaintiffs' response shall be filed within 14 days, and LLC's reply shall be filed 7 days thereafter. Plaintiffs' motion to strike the appearance and objection of Michael Morrisoe [47-1] is denied.

**ENTER:**

**DATE:** April 26, 2005

/s/ Blanche M. Manning
**Blanche M. Manning**
**United States District Judge**